IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| Daniel Nicely, | ) | CASE NO. 3:12-CV-00593 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Plaintiff Daniel Nicely ("Nicely" or "Plaintiff") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") concerning his applications for Title II - Disability Insurance Benefits ("DIB") and Title XVI - Supplemental Security Income ("SSI"). Doc. 1. This case is before the undersigned Magistrate Judge pursuant to the consent of the parties. Doc. 15.

This case presents the unusual situation where a plaintiff appeals a decision finding him disabled and therefore eligible to receive SSI benefits. Plaintiff's appeal is directed to a revised decision issued by the Administrative Law Judge ("ALJ") in which the ALJ corrected Plaintiff's established onset date from February 10, 1998, to April 23, 2009. Because the latter date is the date Plaintiff filed his SSI application, Plaintiff is not eligible to receive SSI benefits prior to that date under applicable law. Plaintiff claims that the revised decision adversely affects him[2] and

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is hereby substituted for Michael J. Astrue as the Defendant in this case.

[2] Because Plaintiff dismissed his application for DIB during the hearing (Tr.15-18), it is unclear how the final decision adversely affects him and he provides no explanation. Giving him the benefit of the doubt that the Revised Decision could somehow affect him, the Court will consider his arguments on the merits. *See* 42 U.S.C. §405(g)

1

requests "an order remanding the case for clarification on the single issue of the correct onset date and to give the parties an opportunity to be heard on the issue, either by hearing or submissions." Doc. 13, p. 6. As explained below, there is no merit to Plaintiff's challenge to the Commissioner's decision. Accordingly, the Court hereby **AFFIRMS** the Commissioner's decision and denies Plaintiff's request for a remand.

## I. Procedural History

On April 23, 2009, Nicely filed applications for DIB and SSI benefits alleging disability since February 10, 1998.[3] Tr. 110-113, 114-116. After initial denial by the state agency (Tr. 41-42, 45-47, 48-50) and denial upon reconsideration (Tr. 43-44, 52-54, 55-57), Nicely requested a hearing and, on January 19, 2011, an administrative hearing was held before Administrative Law Judge Mary Sparks ("ALJ") (Tr. 10-40).

During the hearing, and after consultation with his counsel, Plaintiff withdrew his DIB claim and indicated that he wished to proceed solely on his SSI claim. Tr. 15-18. Plaintiff's decision to withdraw his DIB claim was based on an acknowledged lack of evidence going as far back as the alleged date of disability, February 10, 1998. Tr. 18-19.

On February 1, 2011, the ALJ issued a Fully Favorable Decision as to Plaintiff's SSI application. Supp. Tr. 400-409. On February 4, 2011, the ALJ issued a Revised Decision - Fully Favorable indicating that the correct established onset date was April 23, 2009, not February 10, 1998. Tr. 9. Nicely requested that the Appeals Council review the ALJ's decision (Tr. 107-109) and, on February 1, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner (Tr. 1-5).

---

(providing that "[a]ny individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action . . .").

[3] In 2002, Plaintiff's prior application for social security disability benefits was denied. Tr. 15.

## II. Standard for Disability

Under the Act, 42 U.S.C § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. § 423(d)(2).

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations. The five steps can be summarized as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is

3

capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42, 96 L. Ed. 2d 119, 107 S. Ct. 2287 (1987). Under this sequential analysis, the claimant has the burden of proof at Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the Residual Functional Capacity ("RFC") and vocational factors to perform work available in the national economy. *Id.*

### III. The ALJ's Decision

A.  **February 1, 2011, Notice of Decision – Fully Favorable**

In her February 1, 2011, Decision, the ALJ determined that:

1. Plaintiff's date last insured was March 31, 2004. Supp. Tr. 406.

2. Plaintiff had not engaged in substantial gainful activity since April 23, 2009, the date of his application for Supplemental Security Income. Supp. Tr. 406.

3. Plaintiff has the following severe impairments: status post lumbar surgery in 1999; chronic low back pain with paresthesias in the lower extremities; degenerative disc disease of the lumbrosacral spine; Major Depressive disorder with anxiety features and Dysthymic Disorder; right S1 radiculopathy. Supp. Tr. 406.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the Listed impairments.[4] Supp. Tr. 406.

5. Plaintiff has the residual functional capacity ("RFC") to perform sedentary work except he can never climb ladders, ropes, scaffolds or stairs; can occasionally stoop, kneel, or crouch; is limited to simple repetitive tasks; cannot meet strict production standards or work at a fast

---

[4] The Listing of Impairments (commonly referred to as Listing or Listings) is found in 20 C.F.R. pt. 404, Subpt. P, App. 1, and describes impairments for each of the major body systems that the Social Security Administration considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience. 20 C.F.R. § 404.1525.

4

                pace and is limited to SVP 1 or 2 and cannot have any interaction or contact with children under the age of 18[5] and must get up and walk around for about 10 minutes each hour.  Supp. Tr. 406-408.

6.     Plaintiff has no past relevant work.  Supp. Tr. 408.

7.     Plaintiff was a younger individual age 18-44 on the established disability onset date.  Supp. Tr. 408.

8.     Plaintiff has at least a high school education and is able to communicate in English.  Supp. Tr. 408.

9.     Transferability of job skills is not an issue because Plaintiff does not have past relevant work.  Supp. Tr. 408.

10.     Considering Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Supp. Tr. 408-409.

Based on the foregoing, the ALJ determined that Nicely had been under a disability as defined in the Social Security Act since February 10, 1998, the alleged onset date of disability. Supp. Tr. 409.

### B.     February 4, 2011, Notice of Revised Decision – Fully Favorable

On February 4, 2011, the ALJ issued a Revised Decision stating that:

On January 19, 2011,[6] the undersigned issued a fully favorable decision on the application for supplemental security income filed on April 23, 2009, with an established onset date of February 10, 1998.  Based on the evidence in file, including the application date for supplemental security income the correct established onset date should be April 23, 2009.  The remainder of the decision stands as issued.

Tr. 9.

---

[5] The restriction regarding no contact with children under age 18 is related to a condition of Nicely's probation.  Tr. 35-36.  He was incarcerated from 1999 through 2009.  Tr. 166, 169.

[6] Although the ALJ stated that her fully favorable decision was issued January 19, 2011, the actual date of her decision was February 1, 2011.  Supp. Tr. 400.  The date of the administrative hearing was January 19, 2011.  Tr. 10.  Plaintiff has not raised an issue regarding the ALJ's reference in the Revised Decision to January 19, 2011, rather than February 1, 2011.  Thus, any claim relating thereto is waived.

**IV. Parties' Arguments**

Nicely asserts that, when the ALJ issued the February 4, 2011, revised decision correcting the established onset date to April 23, 2009, the ALJ failed to provide any explanation for her revised decision. Doc. 13, p. 6. He requests that the Court remand his case "for clarification on the single issue of the correct onset date and to give the parties an opportunity to be heard on the issue, either by hearing or submissions."[7] Doc. 13, p. 6.

The Commissioner asserts that the ALJ did explain the corrected onset date and substantial evidence supports the Commissioner's decision because the corrected onset date of April 23, 2009, is supported by Plaintiff's April 23, 2009, SSI application date. Doc. 16. More particularly, the Commissioner argues that, because the award was for SSI, and because SSI benefits cannot be awarded for any month prior to filing of a claimant's SSI application, the ALJ properly used Plaintiff's April 23, 2009, SSI application date as the established onset date. Doc. 16, pp. 7-8.

**V. Law & Analysis**

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028,

---

[7] As part of his argument, Nicely states that "the ALJ issued a decision on February 1, 2011, which found Plaintiff disabled as of February 10, 1998, thereby appearing to reopen a prior application without any explanation." Doc. 16, p. 6. Plaintiff does not further elaborate on this statement or explain why, even if the statement is correct, Plaintiff is entitled to a remand on these grounds. Accordingly, Plaintiff has waived any such argument and it will not be considered by the Court. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

1030 (6th Cir. 1992). A court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

A.  **The ALJ explained her decision to amend the onset date.[8]**

Contrary to Plaintiff's assertion, the ALJ did explain her Revised Decision. Tr. 9. She specifically stated that "[b]ased on the evidence in file, including the application date for supplemental security income the correct established onset date should be April 23, 2009." Tr. 9. Accordingly, the Court concludes that Plaintiff's request that this matter be remanded for further explanation by the ALJ is without merit and remand is not warranted.[9]

B.  **The Commissioner's decision is supported by substantial evidence.**

Plaintiff's most fully articulated argument and the basis for his request for a remand is that the ALJ did not fully explain her Revised Decision and the Court has addressed this argument and found it without merit. However, to the extent that Plaintiff has attempted to raise a substantial evidence argument, the Court will provide Plaintiff the benefit of the doubt and will also address whether the Commissioner's established onset date of April 23, 2009, for Plaintiff's SSI claim, is supported by substantial evidence.

The Commissioner asserts that the April 23, 2009, onset date is supported by substantial

---

[8] Plaintiff does not challenge the authority of the ALJ to have issued the Revised Decision. Thus, he has waived any argument regarding the Defendant's authority to have issued a Revised Decision. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). The Court notes, however, that the ALJ's issuance of the Revised Decision appears consistent with the Regulations. *See* 20 C.F.R. §§ 416.1487 (Reopening and revising determinations and decisions); 416.1488 (Conditions for reopening); and 416.1492 (Notice of revised determination or decision).

[9] Plaintiff relies heavily upon a Third Circuit decision that vacated an order of a district court because the district court, when remanding a case to the ALJ, only instructed the ALJ to supply an explanation for its previously issued decision rather than directing the ALJ to reopen and fully develop the record before rendering a ruling. *Thomas v. Comm'r of Soc. Sec*, 625 F.3d 798 (3rd Cir. 2010). In *Thomas*, the district court had remanded the case to the Commissioner "for further explanation of the Commissioner's determination that Thomas did not functionally equal the listings." *Id.* 625 F.3d at 799. If the Court were concluding that remand was warranted, *Thomas* might have some applicability. However, as discussed, the Court has concluded that remand is not warranted and Plaintiff has failed to clearly explain or persuade the Court that *Thomas* is factually similar or otherwise applicable to this case. Moreover, even if a remand were warranted, *Thomas* is not binding precedent on this Court.

evidence because that is the date of Plaintiff's SSI application. Doc. 16, pp. 7-8. Further, the Commissioner argues that, since SSI benefits may only be awarded prospectively from the date of the filing of the SSI application, April 23, 2009, is a proper onset date. Doc. 16, p. 8 (citing 20 C.F.R. § 416.335). The Plaintiff acknowledges that, as it relates to his SSI application, he is not eligible to receive benefits for any month prior to the filing of his SSI application. Doc. 17, p. 3. However, he asserts that, "regardless of the filing date on an application, he is still able to allege a disability date prior to the filing date and an onset date can be established prior to the filing date in order to determine when disability began." Doc. 17, p. 3. Missing from Plaintiff's argument are references or citations to legal authority indicating that, in a case, like the one before this Court, where there is no corresponding DIB claim, the Commissioner is precluded from relying upon the SSI application date as the onset date.[10]

The Court finds Social Security Ruling No. 83-20 instructive on the issue of whether the Commissioner may use a claimant's SSI application as the onset date in a SSI case. SSR No. 83-20, *Titles II and XVI: Onset of Disability*, 1983 WL 31249 (1983), provides that:

> [E]xcept for certain cases of aliens where the exact date of disability must be determined for eligibility purposes, the only instances where the specific date of onset must be separately determined for a title XVI cases is when onset is subsequent to the date of filing or when it is necessary to determine whether the duration requirement is met.

SSR No. 83-20, 1983 WL 31249, *1. Additionally, SSR No. 83-20 provides that:

> *Onset will be established as of the date of filing provided the individual was disabled on that date.* Therefore, specific medical evidence of the exact date need not generally be obtained prior to the application date since there is no retroactivity of payment because title XVI payments are made beginning with the date of application provided that all conditions of eligibility are met.

SSR No. 83-20, 1983 WL 31249, *7 (emphasis supplied).

---

[10] The Court notes that, like the Plaintiff, the Commissioner has provided the Court with minimal legal authority on the issue of whether the Commissioner may use the SSI application date as onset date in SSI cases.

According to the foregoing provisions of SSR No. 83-20, in cases not involving claims for both DIB and SSI, generally, the SSI application date may be used as the onset date for an SSI claim. See SSR No. 83-20, 1983 WL 31249, *7-8. Here, Plaintiff voluntarily dismissed his DIB claim at the hearing (Tr. 15-19) and, therefore, the only claim remaining before the ALJ was Plaintiff's SSI claim (Tr. 19). Plaintiff has failed to articulate a reason as to why use of his SSI application filing date as the onset date is not proper. Nor has Plaintiff challenged the actual issuance of the revised decision.[11] Further, Plaintiff's argument that the ALJ erred in correcting the onset date from his alleged onset date, February 10, 1998, to April 23, 2009, is inconsistent with Plaintiff's recognition at the administrative hearing, when withdrawing his DIB claim, that there was a lack of medical evidence to support his alleged onset date of February 10, 1998. Tr. 15-19.

In light of the provisions of SSR No. 83-20 that provide for the use of the application filing date as the onset date in SSI cases and, the fact that Plaintiff's only remaining claim, following his voluntary withdraw of his DIB claim, was his SSI claim, the Court concludes that the Commissioner's use of Plaintiff's SSI application filing date as the established onset date was proper. See Love v. Astrue, 2011 WL 3841940, *4 (M.D.N.C. 2011) (recognizing that, under SSR 83-20, because there is no retroactivity of payments in a SSI claim, generally specific medical evidence of the exact onset date prior to the application date need not be obtained). Since it was proper for the Commissioner to use the filing date of Plaintiff's SSI application as the established onset date and because that date is supported in the record (Tr. 114), the undersigned further concludes that the Commissioner did not err in issuing its decision and the Commissioner's decision is supported by substantial evidence.

---

[11] See FN 8 above.

## VI. Conclusion

For the reasons set forth herein, the Court concludes that the Commissioner's final decision is sufficiently explained and is supported by substantial evidence.[12] Therefore, remand is not warranted and the final decision of the Commissioner is **AFFIRMED**.

Dated: March 21, 2013

Kathleen B. Burke
United States Magistrate Judge

---

[12] In light of Plaintiff's acknowledgment that he cannot receive SSI benefits prior to the date of the filing of his SSI application (Doc. 17, p.3), even if the Commissioner erred in issuing the Revised Decision, remand for further explanation by the ALJ regarding the onset date or for an opportunity for Plaintiff to be heard would be futile because it would not alter the outcome of Plaintiff's SSI benefit award.